**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

STATE OF MARYLAND DEPARTMENT OF *
   THE ENVIRONMENT, et al.,
        Plaintiffs          *

     v.                  *   Civil Action No.: RDB-06-2989

JAMES RIFFIN,        *
        Defendant

                    ******

## MEMORANDUM OPINION

    The instant Notice of Removal was filed in this Court by James Riffin, *pro se*, on November 13, 2006.  Paper No. 1.  The substance of the underlying case Mr. Riffin seeks to remove involves a long running dispute between the parties concerning Plaintiffs' enforcement authority over Defendant's activities as they related to his "railroad maintenance-of-way facility" located in Cockeysville, Maryland.  Defendant has previously unsuccessfully attempted to have this Court exercise jurisdiction over this subject matter of this case.  *See State v. Riffin*, Civil Action No. RDB-04-2789 (D. Md. 2004); *Maryland Dept. of the Environment v. Riffin*, Civil Action No. RDB-04-2848 (D. Md. 2004); *Riffin v. Snyder*, Civil Action No. RDB-04-2964 (D. Md. 2004).  Plaintiffs have now filed a Motion to Enforce Judgment in the Circuit Court for Baltimore County and Plaintiff again seeks to remove this action to this Court.  For the reasons stated below,  Plaintiff's attempt to have this Court intervene in his state case must fail.

    Under 28 U.S.C. § 1446(b), the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the Defendant if such initial pleading has then been filed in court and is not required to be served on the Defendant, whichever period is

shorter.  While Mr. Riffin has not included any documents from the state court proceedings, he states

that this matter has been proceeding in state court since 2003.  Paper No. 1.  Moreover, as noted

*supra*, Mr. Riffin unsuccessfully  attempted in 2004 to have this Court take jurisdiction of this case.

 Under these circumstances it is clear that, notwithstanding any estoppel issues,  Mr. Riffin has been

aware of the state proceedings for longer than thirty days and thus his attempt to remove the

proceedings to this Court is untimely.

     Accordingly, a separate Order shall be entered dismissing the instant Complaint, without

requiring service of process upon and an answer from the State of Maryland and its agencies.


<u>November 29, 2006</u>      <u>/s/           </u>
Date             RICHARD D. BENNETT
             UNITED STATES DISTRICT JUDGE

2